Green, J.,
delivered the opinion of the court.
The prisoner and one Henry Cordell were indicted for feloni-ously obtaining a horse and buggy by false pretences, with an intention to steal the same.
In the second count of the indictment, the defendant is *288 charged as an accessary after the fact, to the said larceny committed by Cordell.
The jury found the defendant guilty generally, and he was sentenced to three years confinement in the penitentiary, from which judgment he appealed to this court.
We think this is a a very clear case of guilt, under the second count in the indictment.
The evidence is conclusive as to Cordell’s guilt. He hired the horse and buggy under the false pretence that he desired to drive a few miles in the country and return in an hour and a half, when in fact, his intention was to steal them. Soon after the buggy left the stable-where it was hired, the defendant was seen in it with Cordell, and they were traced in company to Charlotte, making off at the greatest possible speed. At Charlotte the defendant offered to trade off the horse, then very much jaded and having the thumps, and said to Mr. Trimble that he had driven the horse from Knoxville since Tuesday morning, (it being then Friday evening,) and said he wished to exchange for a fresh horse that he might get on, or he would sell the horse and buggy for 125 dollars — -that he had given 150 dollai's for them, and stated that he had not come through Nashville, but that he went by Murfreesborough. All these statements were false.
He told Mr. Mathes his name was Rice, and said, when apprehended, that the horse belonged to him.
Proof more conclusive that he knew Cordell had committed a felony in obtaining the horse and buggy, could hardly exist, and by the 64th section of the act of 1829, ch. 23, the accessa-ries after the fact to felonies of this grade, are to be punished as principals.
There is no error in the charges of the court. Although the conversion of property is not proof of an original felonious design in obtaining possession of it, yet such conversion is a circumstance which the jury may properly consider of, in con- *289 nexion with other facts, from which to determine, as to the intent with which the possession was obtained.
Affirm the judgment.